Filed 2/17/26  Herrin v. Doherty CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| RON R. HERRIN, Plaintiff and Respondent, v. DYLAN DOHERTY, Defendant and Appellant. | D086052 (Super. Ct. No. 37-2023-00052659-CU-FR-NC) |


APPEAL from an order of the Superior Court of San Diego County, Cynthia A. Freeland, Judge.  Dismissed.

Law Offices of Clay D. Renick and Clay D. Renick, for Defendant and Appellant.

The Law Office of Robert W. Tiangco and Robert W. Tiangco, for Plaintiff and Respondent.

Dylan Doherty appeals from an order denying his Code of Civil Procedure section 473.5 motion to set aside the default entered against him. He acknowledges no judgment has been entered against him and asks us to treat the appeal as a petition for writ of mandate.  Resolving this appeal by memorandum opinion (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854),

1

we conclude the order appealed from is nonappealable and decline to treat it as a petition for writ of mandate. Thus, we must dismiss the appeal.

I.

On December 6, 2023, Ron R. Herrin filed a complaint against Doherty, Andrea N. Doherty (Andrea), California Porsche Restoration (CPR), and other defendants. On December 14, a process server attempted to personally serve Doherty at CPR's business address in Fallbrook, but Doherty was not there, and Andrea informed the process server he works remotely. On December 18, the process server again attempted to personally serve Doherty at that address, but he was not there. On December 19, the process server returned to that address and purported to effect substitute service on Doherty by serving the summons and complaint on Andrea, whom he described as a 30-year-old female, five feet, seven inches tall, weighing 150 pounds, and with blonde hair and blue eyes. On December 21, a copy of the summons and complaint was mailed to Doherty at CPR's business address in Fallbrook.

On February 2, 2024, Herrin filed a request for entry of default and clerk's judgment against Doherty. He used the standard Judicial Council form which stated a copy of the request had been mailed that day to Doherty at the CPR address. The request left the dollar amounts blank. On the same date, the court clerk entered the default against Doherty. The register of actions states, "The default filed by Herrin" was entered.

On June 10, Doherty filed a motion to vacate the default and quash the service of the summons and complaint on him. On October 11, the trial court issued a minute order denying Doherty's motion to vacate the default and quash the service of the summons and complaint.

2

## II.

On November 14, Doherty filed a section 473.5 motion to set aside the default against him. The court denied this request. Doherty filed an appeal from this order.

Doherty contends the order denying his request to vacate the entry of default is appealable because the order is "the practical equivalent of judgment." Alternatively, Doherty asks us to treat the appeal as a petition for writ of mandate. At oral argument, Doherty conceded that no judgment was ever entered, and Herrin asked us to dismiss the appeal.

An order denying a motion to vacate a default judgment is appealable, but a prejudgment order denying a motion to set aside the clerk's entry of a default is not appealable. (*Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137.)

Here, there was no entry of a default judgment, only the entry of a clerk's default. Thus, the court's challenged order is a nonappealable, prejudgment order. We decline to treat the appeal as a petition for writ of mandate.

## III.

We dismiss the appeal. Herrin shall recover costs on appeal.


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

3